CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

THOMAS R. GREEN (CABN 203480)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, CA 94612
   Telephone: (510) 637-3695
   Fax: (510) 637-3724
   E-Mail: Thomas.Green@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> HOWARD SOLOMON, <br>   a/k/a SOLOMON HOWARD, <br><br> Defendant. | NO. CR 25-00054 YGR <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Sentencing Date: September 18, 2025 <br> Time: 9:00 a.m. <br> Judge: Hon. Yvonne Gonzalez Rogers |

I.    **INTRODUCTION**

    The defendant, Howard Solomon, also known as Solomon Howard, stands before the Court to be sentenced following pleading guilty to Count One of the Information, charging him with Mail Fraud, in violation of 18 U.S.C. § 1341, and Count Two of the Information, charging him with Tax Evasion, in violation of 26 U.S.C. § 7201. Solomon also admits conduct related to the Tax Evasion charges Three through Five of the Information, but the government will dismiss those charges at the conclusion of the sentencing hearing provided the defendant accepts responsibility for his criminal conduct pursuant to the parties' plea agreement. The United States recommends that the Court sentence defendant to a low-end

Guidelines sentence of 27 months, to be followed by three (3) years of supervised release, and restitution in the amount of $836,317.74 to be paid as follows: (1) $549,132.74 to the victim of defendant's fraud scheme, the East Oakland Boxing Association; and (2) $287,185 to the Internal Revenue Services for his evasion of the taxes he owed.

## II.     OFFENSE CONDUCT (PSR ¶¶ 5-17)

The PSR sets forth the offense conduct in this case, which is undisputed and need not be repeated at length here.  In short, defendant stole from the non-profit he ran, the East Oakland Boxing Association, and then evaded the taxes he owed on the extra income he enjoyed by virtue of his embezzlement scheme.  East Oakland Boxing Association provides tens of thousands of hours of service to Oakland youth at its east Oakland location, including academic programs, enrichment programs and boxing coaching.  Over the course of his scheme, defendant embezzled more than a half million dollars from the non-profit.  In doing so, Solomon jeopardized EOBA's very existence, with the subsequent Executive Director working without a salary to keep the organization afloat.

Solomon's embezzlement scheme was not a one-time theft, but a crime he repeated numerous times over the course of his tenure as EOBA's Executive Director.  He stole donations made to the non-profit and he stole from EOBA's bank accounts to fund at least one vacation, his purchase of a Ford Explorer and countless personal items he purchased from Amazon.  And when questions began to be asked about various expenses by the EOBA bookkeeper, he lied about his purchases and then blamed accounting discrepancies on the bookkeeper, resulting in the bookkeeper being terminated.

Defendant's admitted conduct is also described in the plea agreement, with defendant admitting all facts described in Paragraph 2 of the plea agreement during the hearing at which the Court accepted defendant's plea.  In total, defendant admitted that he embezzled at $549,132 from EOBA and that in failing to disclose that income and making other false statements in his tax returns he evaded payment of at least $287,185 in taxes owed to the government.

## III.    CRIMINAL HISTORY

Defendant has no prior criminal history.

## IV.     SENTENCING GUIDELINES CALCULATIONS.

The government concurs with the PSR's Guidelines calculation that results in a final adjusted

offense level of 18. The Probation Office's calculations are not disputed by the defense and match the calculations agreed to by the parties in the plea agreement. The government also agrees that the defendant is Criminal History Category (CHC) I. The Guidelines range for offense level 18 and CHC I is 27 to 33 months in prison.

V. **STATUTORY SENTENCING FACTORS**

    A. **Nature and Circumstances of the Offense**

The nature and circumstances of defendant's crime provides the primary basis for the low-end Guidelines sentence of incarceration in this case. Defendant's crime involved years of deceptive conduct, small lies, and larger lies, all to enrich himself at the expense of the community he claimed to be serving. The Court should consider the victim impact statements provided by a board member and the executive director of EOBA to understand the trauma defendant brought upon the organization and the children and families it serves in Oakland.

    B. **History and Characteristics of the Defendant**

Defendant has no prior criminal convictions, but years of criminal conduct spanning the duration of the criminal schemes for which he has been convicted. The PSR describes defendant's upbringing, including describing some volatility in the home in which he was raised, which is further born out by his score of six (6) on the self-administered Adverse Childhood Experiences assessment. Despite these challenges, defendant graduated from high school and obtained a Bachelor of Art from George Washington University four years later, in 2009.

Defendant has not yet paid any of the money he owes as restitution to EOBA and has not been employed since May 2024.

    C. **Need to Reflect the Seriousness of the Offense and Deterrence of Criminal Conduct.**

The needs for the sentence to reflect the seriousness of the offense and deter future criminal conduct provide ample bases for the recommended low-end Guidelines sentence in this case. Defendant's conduct placed a vital source of support for children and families in Oakland at serious risk. In stealing from EOBA, he placed his own selfish needs above the children that he purported to serve. A Guidelines sentence is required for such grave conduct. A low-end Guidelines sentence of 27 months is sufficient but not longer than necessary to provide specific and general deterrence, with such a

sentence serving as a wakeup call for a defendant who has not previously served time in prison. Such a sentence will provide defendant with an opportunity to reflect on his crimes and conduct and help to minimize the chance of recidivism.

The recommended special condition of supervision allowing the review of defendant's devices with or without suspicion should provide an extra measure of deterrence and protection from any further the further fraudulent conduct or efforts to evade his tax obligations.

### D. Need to Protect the Public and Avoid Unwarranted Sentencing Disparities.

The need to avoid unwanted sentencing disparities also bears mentioning. Defendant made the willful choice to engage in his criminal conduct. He did so out of greed, and despite being paid a reasonable salary at this job and having other career prospects as a college graduate with no criminal record. A sentence below the recommended sentence would risk raising concerns of unwarranted sentencing disparities with persons who are raised under similar circumstances and received Guidelines sentences for their conduct.

## VI. CONCLUSION AND SENTENCING RECOMMENDATION

For the foregoing reasons, the government respectfully requests that the Court sentence Solomon to 27 months in prison to be followed by a three year term of supervised release, a $200 special assessment for the two counts of conviction, and restitution of $836,317.74 to be paid as follows: (1) $549,132.74 to the victim of defendant's fraud scheme, the East Oakland Boxing Association; and (2) $287,185 to the Internal Revenue Services for his evasion of the taxes he owed.

In light of the nature of his offense, which involved prolonged deception, the government also recommends that the Court impose the following expanded search condition, which the defendant agreed to accept in his plea agreement:

> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

//

The search clause and other requested conditions are necessary to protect the public and serve the interests of deterrence and rehabilitation.

DATED: September 11, 2025                    Respectfully submitted,

                                             CRAIG H. MISSAKIAN
                                             United States Attorney


                                             /s/ Thomas R. Green
                                             THOMAS R. GREEN
                                             Assistant United States Attorney

U.S. SENTENCING MEMORANDUM
CR 19-00125 JST                                2